RECEIVED
IN LAKE CHARLES, LA

DEC 22 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ARROWHEAD CONTRACTORS, INC. | : | DOCKET NO. 2:05 CV 01 |
| VS. | : | JUDGE MINALDI |
| VEGITATION MANAGEMENT SPECIALIST, INC. | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment [doc. 41] by Arrowhead Contractors, Inc. ("ACI"), petitioner and counterclaim defendant. The motion has been opposed [doc. 44] by Vegetation Management Specialist, Inc. ("VMSI"). ACI has filed a reply [doc. 45].

Summary Judgment Standard

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[1] The movant bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, and answers to interrogatories, admissions on file and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.[2] Once a proper motion has been made, the non-moving party may not rest upon

---

[1] FED.R.CIV.P. 56(c).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988).

mere allegations or denials in the pleadings but must set forth specific facts showing the existence of a genuine issue for trial.[3] Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial.[4]

Facts

In September 2002, ACI was approved to work as a general contractor for right-of-way clearing work at Ft. Polk, Louisiana. Shortly after being approved to work as the general contractor, ACI engaged Jacob Davis and West Central Consulting Services ("Mr. Jacob") to act as a subcontractor in clearing vegetation from utility lines, including sewer, water gas and electrical lines. Mr. Jacob began, but did not complete the work.

In early 2004, after Mr. Jacob partially performed the right-of-way clearing work, Charles Stuckey, on behalf of ACI and Chris Morehead, on behalf of VMSI met and agreed to enter into an alleged contractual agreement in which VMSI would begin working where Mr. Jacob had stopped. VMSI began the work, as a subcontractor of ACI, in February 2004.

In May and July 2004, ACI tendered payments to VSMI, in the amounts of $ 20,688.20 and $ 32,396.00. ACI asserts that the parties had agreed that VSMI would be compensated on a "per acre" basis. VSMI alleges that ACI asked VMSI to take over the subcontract of West Central Consulting Service, Inc. and that VSMI initially agreed. VMSI alleges, however, that after only one week on the job, they determined that much of the more easily cleared acreage had been started, but

---

[3] *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53; *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514-15; *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

[4] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

not finished, by Mr. Jacob. VMSI asserts that it made no financial sense to go forward on a "per acre" basis. Accordingly, a meeting was held in early February 2004 with Curtis Morehead and Jason Cormier of VMSI and representatives of ACI. VMSI alleges that at this meeting ACI agreed to compensate VMSI on a time and material basis. The first invoice to ACI charged per acre for the week of February 9, 2004, to February 13, 2004 and thereafter charged time and material rates for the week of February 17, 2004 to February 20, 2004.

VMSI alleges that none of its invoices had been paid by May, 2004, therefore they ceased work. A meeting was held in Leesville with Morehead of VMSI and representatives of ACI. VMSI alleges that it was agreed that VMSI would work from that date forth on a per acre basis. At that meeting the check for $20,688.20 was delivered to Morehead. All of the invoices up to that point (except for the first week of the contract) had been for time and materials. The $20,688.20 did not correspond to any invoice therefore VMSI applied the sum to the oldest outstanding invoice.

On September 27, 2004, Stuckey, on behalf of ACI, forwarded VMSI correspondence requesting an additional $24,211.00 for labor, supervision and equipment charges because ACI alleges that VMSI failed to comply with its agreement to adequately perform the right-of-way clearing work at Ft. Polk. VMSI admits that it received such a letter after demand had been made for payment on outstanding invoices. VMSI argues that it defies logic that ACI would charge for anything inasmuch as the contract was being performed on a time and material basis. VMSI asserts that it did comply with its agreement.

VMSI's Ronald Domingue responded on October 12, 2004, alleging that the parties had reached a verbal agreement allowing VMSI to charge ACI an hourly compensation or "time & materials" rather than the per acre compensation. Domingue's letter indicated that George Tierney,

ACI's field supervisor and acting vice president, specifically denied any verbal agreement for time and materials compensation.

VMSI does not contend that it has a written contract with ACI. VMSI alleges that the agreements between the parties were oral.

VMSI made demand for vegetation removal work performed at Ft. Polk under the Louisiana Open Account Statute and notice was given under the Federal Miller Act.[5] ACI then instituted this litigation as a declaratory judgment, asking for a judicial declaration that it owed VMSI nothing. VMSI counterclaimed for the amount of work done and joined ACI's bonding company, Gulf Insurance Company. ACI is seeking summary judgment on VMSI's counterclaim.

## Analysis

It is undisputed that when VMSI agreed to take over the subcontractor work of Mr. Jacobs, it was to be on a per acre basis. There is no written contract. The only purported written contract is a forgery for which neither party accepts responsibility.[6]

VMSI alleges that after one week on working on a per acre basis, they realized that this was unreasonable way to charge for this job and they had a meeting with representatives of ACI to amend

---

[5] The Miller Act requires that any contractor who is awarded a contract for "construction, alteration, or repair of any public building or public work of the United States," must provide a payment bond "for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person." Section 270b(a) gives the party supplying labor and material to such a contractor the right to sue on the payment bond for nonpayment of the labor or material supplied. *U.S. for Use and Benefit of Gulf States Enterprises, Inc. v. R.R. Tway, Inc.*, 938 F.2d 583, 586 (C.A.5 (La.),1991).

[6] VMSI never contended that there was a written contract. The purported contract was produced by ACI in response to a Motion to Compel. The contract bears the forged signature of Curtis Morehead. Morehead testified that he did not sign the contract. In fact, his name is spelled incorrectly. This contract is evidence of nothing.

4

their agreement. ACI denies the initial agreement was ever changed. This is a material factual dispute. Deposition testimony by Chris Morehead of VMSI indicates that the agreement was changed after the first week of work.[7] The daily work tickets indicating billing based on time and materials were signed by a representative of ACI.[8]

VMSI argues that evidence of the amendment can be found in the June 3, 2004 letter from Charles Stuckey, the President of ACI, to VMSI stating that the contract was being amended. A reading of this correspondence does not assist the court as the June 3, 2004 proposal on its face is vague. Stuckey states that "Vegetation Management Specialist, Inc. agrees that they will modify the payment term to accept Arrowhead's payment terms with a withdrawal of their request to be paid per a rate schedule." The meaning of "payment term" is not specified and no rate schedule is incorporated.

The party demanding performance of an obligation bears the burden of proving the obligation's existence.[9] As the obligation in this instance involves an oral contract in excess of $500, VMSI must prove its existence through at least one credible witness and other corroborating evidence.[10] Morehead may serve as the one credible witness, but the other corroborating evidence must come from some other source.[11] "The 'other corroborating evidence' need only be general in

---

[7] Morehead deposition, pp.10, 23.

[8] Deposition of William Gleason, pp.7.

[9] La.Civ.Code art. 1831.

[10] La.Civ.Code art. 1846.

[11] *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459 (La.4/12/05), 907 So.2d 37.

nature; independent proof of every detail of the agreement is not required."[12] Whether the party has satisfied his burden of proof is a question of fact.[13] The language of article 1846 is clear: without the necessary corroborating evidence, a claimant's testimony, standing alone, is insufficient to prove the existence or amendment of an oral contract.[14]

If the contract is not required to be in writing, parol evidence is admissible to prove an amendment of a prior verbal contract, and that amendment must be given legal effect as constituting an amendment of the preexisting contract.[15]

In the case at bar, Morehead testified that there was a verbal agreement to begin the work on a "per acre" basis. He also testified that this agreement was verbally amended to "time and materials." The invoices show a billing consistent with this testimony. This is sufficient to establish that a genuine issue of material facts exists which precludes summary judgment. Accordingly, summary judgment will be denied.

Lake Charles, Louisiana, this 20 day of December, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[12] *Id.* at 58 (quoting *Kilpatrick v. Kilpatrick*, 27,241 (La.App. 2 Cir. 8/23/95), 660 So.2d 182, 185).

[13] *Crowe v. Homeplus Mft. Housing, Inc.*, 38,382 (La.App. 2 Cir. 6/21/04), 877 So.2d 156.

[14] *Biedenharn v. Culp*, 911 So.2d 313, 319, 39,680, **10 (La.App. 2 Cir., 2005).

[15] *Southern Scrap Material Co. v. Commercial Scrap Materials Corp.*, 239 La. 958, 120 So.2d 491 (1960); *W. R. Aldrich & Co. v. Spalitta*, 285 So.2d 835 (La.App. 1st Cir. 1973); *Hutchinson v. Martrain Motors, Inc.* 393 So.2d 258, 259 (La.App., 1980)